IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Robert E. Walker, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:07-3484-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Lowe's Companies, Inc. a/k/a | ) | |
| Lowe's Inc.; Lowe's Home Centers, | ) | |
| Inc.; and Equifax Information | ) | |
| Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Lowe's Companies, Inc.'s ("LCI") motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons stated below, the court grants LCI's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, Robert E. Walker, Jr. ("Walker") alleges that LCI and Lowe's Home Centers, Inc. ("LHC") have retail businesses in South Carolina and furnish information to consumer reporting agencies, including Equifax Information Services, LLC ("Equifax"). (Am. Compl. ¶¶ 2-6.) In connection with these activities, Walker alleges that despite the fact that a credit account he had with LCI or LHC was paid in full, "Lowe's"[1] erroneously reported to Equifax that Walker's account was in arrears and was ultimately "charged off as a bad debt." (Id. ¶¶ 10-12.) As a result, Sears Roebuck and Company denied Walker's application for a Sears credit card. (Id. ¶ 9-10.)

---

[1] It is unclear whether Walker is referring to LCI, LHC, or both.

1

## II. DISCUSSION OF THE LAW

LCI moves to dismiss the case for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. "When a court's personal jurisdiction over a defendant is contested, the burden is on the plaintiff to establish the existence of a ground for exercising such jurisdiction." ESAB Group, Inc. v. Centricut, LLC, 34 F. Supp. 2d 323, 328 (D.S.C. 1999). In the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether the plaintiff has made a prima facie showing, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Id.

States may assert general jurisdiction over a defendant when the plaintiff's cause of action does not arise from the defendant's contacts with the forum state. The plaintiff must prove that the defendant's contacts are "continuous and systematic" to support the exercise of general personal jurisdiction over the defendant. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984).

In contrast, in order for specific jurisdiction to exist, the controversy must "arise out of or relate to" the defendant's contacts with the forum state. Id. at 414. South Carolina asserts specific jurisdiction over defendants pursuant to its long-arm statute. See Sheppard v. Jacksonville Marine Supply, Inc., 877 F. Supp. 260, 264 (D.S.C. 1995). The South Carolina Supreme Court has interpreted South Carolina's long-arm statute to extend to the constitutional limits imposed by the due process clause. Id. at 265. Therefore, it follows that the two-step analysis collapses into a due process analysis. Id. Under the due process analysis, the plaintiff

must show that the defendant had sufficient "minimum contacts" with South Carolina and that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980) (internal quotation marks omitted).

A defendant has minimum contacts with a jurisdiction if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 297. Under this standard, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Further, the defendant's activities must create a "substantial connection" to the forum state and result in contacts that are not merely "random, fortuitous, or attenuated." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (internal quotation marks omitted).

LCI argues that it is not subject to either general or specific jurisdiction in South Carolina because LCI is not a South Carolina corporation and is not registered with the South Carolina Secretary of State to conduct business in the state. (Def.'s Mem. Supp. Mot. Dismiss 2.) In addition, according to LCI, it "does not conduct business in South Carolina, does not own property in South Carolina, and does not own, manage, or operate any retail stores in the State of South Carolina." (Id.)

In support of its motion, LCI submits the affidavit of Craig J. Price ("Price"), LCI's director of sales and use tax. (Id. Ex. A (Price Aff. ¶ 2).) Price states that LCI is a North Carolina corporation having its principal place of business in Mooresville, North Carolina which does not do business in, pay taxes to, or own any assets in South Carolina. (Id. Ex. A (Price Aff.

¶¶ 2-4).) In addition, Price states that LHC is a wholly owned subsidiary of LCI that owns and operates the retail home improvement centers that conduct business in South Carolina as Lowe's Home Improvement Warehouses. (Id. Ex. A (Price Aff. ¶ 5).)

In response, Walker asserts that the credit file generated by Equifax lists only "Lowe's" as the creditor. (Pl.'s Mem. Opp'n Mot. Dismiss 2.) In addition, Walker submits an affidavit in which he provides the listings for Lowe's Home Improvement Stores and Warehouses located in Spartanburg, South Carolina. (Id. Ex. A (Walker Aff. ¶¶ 1-2).)

However, Walker's allegations, even if true, do not contradict LCI's assertion that it has no contacts with South Carolina. LCI admits that LHC owns and operates Lowe's stores in South Carolina, and Walker's assertion that Equifax listed "Lowe's" as the creditor on Walker's credit file in no way indicates that LCI has any contacts with South Carolina. Therefore, because the only reasonable inference is that LCI has no contacts with South Carolina, LCI's motion to dismiss is granted.

It is therefore

**ORDERED** that LCI's motion to dismiss for lack of jurisdiction, docket number 10, is granted.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
December 5, 2007